THE STATE, GARRET A. SNEDEKER, PROSECUTOR, v. THOMAS S. SNEDEKER ET AL.

1. Where a turnpike road has been abandoned for many years by the company which built it, and has been used by the public as an ordinary highway, and repaired at the public expense, it becomes subject to the laws concerning roads, and the surveyors of the highways have power to vacate it.

2. A plaintiff in *certiorari* cannot, unless holding the rights of the turnpike corporation, assign, as a reason for setting aside the action of the surveyors, that it is in violation of the rights of the company.

3. Every citizen is interested, more or less, in every highway, and has a right to submit any questions affecting such interests to the court.

In matter of road.   On *certiorari* to the Middlesex Pleas.

In 1860, an application was made to the Court of Common Pleas of Middlesex for the appointment of surveyors of the highways to vacate a certain road, then used as a public highway, in the township of Monroe, in said county. The appointment was made, and the surveyors, after viewing the premises, vacated the road, and made return of their proceedings according to law.

Garret A. Snedeker, the prosecutor, a citizen interested in the continuance of the road, sued out a writ of *certiorari*, and removed the proceedings into this court, and has assigned various reasons for setting them aside. The principal reasons are, that the road vacated by the surveyors was not a public highway within the meaning of the act concerning roads; that it was a part of a turnpike road, constructed under authority of an act to incorporate a company to erect a turnpike road from Bordentown to South Amboy, passed in 1816; that the charter of said company had not expired, nor had it been forfeited, but remained in full force; that the land on which the road was built had been conveyed in fee simple to the company, who are still the owners, and therefore that the surveyors had no authority to vacate the said highway.

Evidence was taken, on both sides, under authority of the

court, from which it appeared that the road vacated was part of the Bordentown and South Amboy turnpike road, as originally built by the company, in 1817, and that it had been traveled by the public from that time until about two or three years before the application to vacate was made, within which period the travel was interrupted by fences put across the road on several occasions, which were taken up, and gave rise to disputes. It further appeared that, since 1833, the turnpike company had held no election for officers, and had ceased to exercise their corporate franchises, or collect tolls, or transact any business; that the road had been left open to public use, and that the part vacated had been taken possession of and worked by the township.

The case was argued before Justices BROWN and VREDEN-BURGH.

For the prosecutor, *A. V. Schenck.*

For the defendants, *H. V. Speer.*

The opinion of the court was delivered by

VREDENBURGH, J. The first reason assigned for reversal is, that at the preceding term of the Middlesex Pleas, they had appointed surveyors to view and vacate this road, who had made no return. But I do not find any legal evidence in the return or paper that any such appointment had been made. If any had been, it should have appeared by a duly certified copy of the record of appointment.

All the other reasons are embraced in the general one, *viz.* that the surveyors had no jurisdiction of the subject matter.

It appears, by the case, that the *locus in quo* is a portion of the old Bordentown and South Amboy turnpike, chartered in 1816, and built in 1817, and that the company has ceased to exercise any rights or duties over it since 1833, and since that time it has been worked by the public authorities, and

State v. Snedeker.

used by the public generally as a public highway, and that the surveyors of the highways, under the appointment of the Middlesex Pleas, vacated the portion in controversy on the 15th November, 1860—to set aside which vacation this *certiorari* is brought.

It does not appear that the prosecutor of the *certiorari* is either a director or stockholder, or any way interested in the turnpike company. It is not a question, therefore, between the surveyors or the applicants and the turnpike company. The prosecutor has no rights by reason of any relation to the turnpike company. If the prosecutor has any rights in relation to the action of the surveyors it is not because the *locus in quo* is a turnpike, but because it is a public highway. The proof is that the *locus in quo* has been an ordinary public highway since 1833, used and worked by the public. Every citizen is interested, more or less, in every highway, and has a right to submit any questions affecting such interests to the courts; so that the prosecutor has a right to take the opinion of this court whether the *locus in quo* has been legally vacated by the surveyors as a public highway.

The prosecutor objects that the surveyors have no jurisdiction of this matter, because the *locus in quo* was originally made a highway by authority of a charter, and as a turnpike, and by a turnpike company. But it was none the less a highway because it was a turnpike. When first built and opened by the company it was a highway, and it has ever since so remained. As between the stockholders and the surveyors of the highways, the surveyors had no power to alter the rights of the company because they held under a special act of the legislature; but if the stockholders chose to waive their rights under the charter, no other persons can step in and say they shall not, or assume, as against the public, their rights. Suppose, instead of bringing this *certiorari*, the prosecutor had undertaken to put up tollgates, and make the public pay toll. Such acts, as against the public, would clearly be illegal and void. Nor can the prosecutor,

State v. Snedeker.

when the public are using it as a highway, set up any rights as representing the turnpike company. When, therefore, the turnpike company abandon their rights as a chartered company over a laid out turnpike, the turnpike remains as a public highway like any other highway, and subject to any general laws regulating highways, and especially so if it has been accepted, used, and worked by the public as such. When, therefore, the surveyors of the highways, under their appointment, came to act on the *locus in quo* they had jurisdiction over the subject matter, not because it was a turnpike, but because it was a public highway. The surveyors found it *de facto* a highway, and it was a matter indifferent to their jurisdiction how it originated, whether by long usage, dedication, or laid out by surveyors originally under authority, as this was, of a special charter. In dealing with it, their authority was only limited by the rights of the turnpike company, which the company could waive if they saw fit, and which no one not holding under them has a right to raise ; therefore the power and jurisdiction of the surveyors over this highway is the same as they have over any other highway, except only as to those holding under the turnpike company, and entitled to their chartered rights.

The question therefore is, as between these parties, what are the powers of the surveyors over the *locus in quo* considered as a public highway, however originating ?

It does not appear, by the case, that the *locus in quo* is in any street in any of the cities, towns, or villages in the state. It does not appear that the prosecutor adjoins, or has built or made any improvements adjoining or upon the *locus in quo*, or has made any improvements upon the faith of this being and remaining a public highway. It would be, I think, a very grave question if a person had built upon and made valuable improvements adjoining upon a highway, upon the faith of its remaining such, whether the surveyors could receive from the legislature constitutionally any power to vacate any public highway rendering his improvements valueless, or greatly diminishing their value ; or if they could vacate it as a public highway, whether the owners of the soil

State v. Snedeker.

could shut it up. These are questions which may become of very great importance, but I am not aware that any judicial action has been ever had thereon. But however important, they are not necessary to be decided in the present case, because it does not appear, by the return or the evidence, that the prosecutors have any such interest. It does not appear that they have any interest in the question, except as citizens of the state living off from the *locus in quo,* and only interested in it to the extent of using it occasionally for the right of passage; no more legal interest in the question than the inhabitants of Sussex or Warren may have. The question is therefore the general one—had the surveyors of the highways constitutional power to vacate an ordinary highway in the open country, upon which were no towns, villages, or cities, and no improvements made by the prosecutors?

This is the first time that the question has been raised, as far as I am aware. As long as it remains a public highway the public are liable for its repairs, and they have a clear right to relieve themselves from its burthen whenever it is judicially established. that it is no longer necessary for the public use. When it affects private rights by means of buildings or improvements on its line, it is another question, upon which the court wishes to be understood as expressing no opinion. This *locus in quo* is now a highway. The township have accepted it by keeping it in repair for twenty years; they are indictable for not repairing. The only way of relieving the township from this expense is by the action of the surveyors vacating it. We must assume, upon this argument, that it is useless as a highway. How is the township ever to relieve itself from this expense if it cannot be vacated? A useless charge would be created in perpetuity, if the surveyors have no jurisdiction of the subject matter. I think that, as between the litigants here, the surveyors clearly had jurisdiction, and that their proceedings must be affirmed.

Proceedings of the surveyors affirmed.

CITED in *Wood* v. *Heard,* 5 *Vroom* 91; *State, Gregory, pros.,* v. *Jersey City,* 5 *Vroom* 399; *State, Hudson Co. Land Imp. Co., pros.,* v. *Seymour et al., Com'rs,* 6 *Vroom* 59; *Attorney General* v. *M. & E. R. R. Co.,* 4 *C. E. Green* 394.